

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Reagan S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:                        Opinion No. O-5567

                    Re: Liability of Gregg County
                        under the facts stated.

        Your letter of August 16, 1943, requested the
opinion of this Department on the questions stated therein
as follows:

        "If an automobile, owned by the County, is
driven by one of the County employees and is within
the scope of his authority on such mission or errand,
is the County liable for damage in the event of col-
lision with a privately owned car? In the event of
injury to persons other than the County employee, is
the County liable for such injury?

        "In the event such employee is not in the scope
of his authority and is not on County business at
the time of the accident, is the County liable in
the event of collision with a privately owned car,
for damage done to the privately owned car? Is the
County liable for personal injury when the employee
is not on a mission within the scope of his duty?

        " The question has arisen with regard to
writing insurance policies with or without collision
damage.

        "In view of Art. 3, Sec. 52 of the Constitution,
the insurance policy being written by a company which
places the following on the policies: (a) 'A stock
insurance company herein called the company', (b)

Honorable Reagan S. Wyche    page 2

"The Stock Company". Are such insurance policies
legal in view of this constitutional provision?

"Item 3 of a policy written by General Casualty
Company of America with regard to insurance on the
County elevator, reads as follows:  'The company's
liability under paragraph I of the insuring agree-
ments on account of bodily injury, sickness, disease
or death of one person is limited to the sum of
$5,000.00 and subject to the same limit for each
person, the company's total liability on account of
bodily injury, sickness, disease or death of more
than one person, as a result of one accident, is
limited to the sum of $10,000.00.'  Would the County
be liable to persons injured in such elevator?  Is
such insurance legal'"

Your letter of August 18, 1943 pertaining to certain
matters mentioned in the foregoing letter reads as follows:

"Please ignore in my previous letter the
paragraph reading as follows:

"Item 3 of a policy written by General
Casualty Company of America with regard to
insurance on the County's elevator, reads as
follows: 'The company's liability under para-
graph I of the insuring agreements on account
of bodily injury, sickness, disease or death
of one person is limited to the sum of $5,000.00
and subject to the same limit for each person,
the company's total liability on account of
bodily injury, sickness, disease or death of
more than one person, as a result of one
accident, is limited to the sum of $10,000.00.'
Would the County be liable to persons injured in
such elevator?  Is such insurance legal?

"Louis v Independent School District of the
City of Austin - 147 Sw- 2d - page 298 seems to
settle the question propounded in the above
paragraph."

This department has rendered several opinions touching
the liability of the State (including counties as the State's
subdivision exercising the power of sovereignty) in the
absence of a statute creating such liability. We enclose

Honorable Reagan S. Wyche    page 3

for your information copies of Opinions 208, O-353, O-2136, O-2473, O-2779, and O-779.

The first two paragraphs of your letter of August 16, 1943, (which is quoted above) contain four questions regarding the liability of the county under the facts stated. In view of the foregoing opinions and the authorities cited therein, it is our opinion that the County is not legally liable for any damages done to the privately owned automobile or automobiles involved. Gregg county is not legally liable for any personal injury sustained by any of the persons involved or mentioned. The following excerpt from the opinion in the case of Bryan vs Liberty county, 299 S. W. 303, 304, illustrates the uniform holding of the Texas courts on the question whether the county be held liable for the injuries or damages heretofore mentioned:

> ". . . It has long been the law in Texas that a county is not liable in damages for personal injuries sustained by one in consequence of the tortious or negligent acts of its agents, servants and employees, unless such liability be created by statute, either in express terms or by implication. Heigel v. Wichita County, 84 Tex. 392, 19 S. W. 562, 31 Am. St. Rep. 63; Walton v. Travis County, 5 Tex. Civ. App. 525, 24 S. W. 352; Crause v. Harris County, 18 Tex. Civ. App. 375, 44 S. W. 616; Riley v. Coleman County (Tex. Civ. App.) 181 S. W. 743; Gerhart v. Harris County (Tex. Civ. App.) 244 S. W. 1103; Harris County v. Gerhart, 115 Tex. 449, 283 S. W. 139. All these authorities sustain the counter proposition advanced by defendant in error here that a county is not liable in damages for personal injuries negligently inflicted by the county's agents, servants, and employees, in the absence of a statute creating such liability in express terms or by implication."

In the last paragraph of your letter of August 16, 1943, which is referred to in your letter of August 18, 1943, you ask in effect would the county be liable to the persons who are injured on the county elevator? In answer to this question it is our opinion that what has been said above with reference to the liability of the county in answer to your first question is equally applicable to this question, and therefore the county would not be liable. Apparently the county carries

Honorable Reagan S. Wyche    page 4

some form of liability insurance pertaining to the elevator in question and you ask "Is such insurance legal?" You further state that the case of Lewis vs. Independent School District of the City of Austin 147 S. W. (2d) 296, seemed to settle the question propounded in your letter of August 16.

We have carefully considered the above mentioned case and it is our opinion that this case has no application whatsoever to the questions under consideration. The question presented in this case was whether the Legislature, by enactment of Article 4860a-6 V.A.C.S., could constitutionally authorize the school district, a political corporation, to purchase a policy of mutual insurance. The Supreme Court, in the case of Lewis vs Independent School District of City of Austin, et al., 161 S. W. (2d) 450, held that Article 4860a-6, V.A.C.S., was unconstitutional, as violating section 52 of Article III of the State Constitution. The judgments of the trial court and the Court of Civil Appeals were reversed and the cause remanded to the trial court with instructions to grant the injunction.

After a careful search of the statutes we failed to find any statute authorizing the county to carry the kind of insurance in question; therefore, it is our opinion that the county does not have authority to carry such insurance and pay the price of the premiums thereon.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_
Ardell Williams
Assistant

APPROVED SEP 8, 1943

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

AW:nod
encl.

APPROVED